[Cite as *State v. Gray*, 2018-Ohio-4936.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO.  CA2018-04-066 |
| | : | O P I N I O N |
| - vs - | | 12/10/2018 |
| | : | |
| LARRY A. GRAY II, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-01-0176


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Steven R. Adams, 8 West Ninth Street, Cincinnati, Ohio 45202, for appellant


**PIPER, J.**

{¶ 1}  Defendant-Appellant, Larry Gray, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to aggravated vehicular homicide.

{¶ 2}  Gray, who was under the influence of drugs at the time, struck head-on a vehicle driven by Laura Cheek.  Cheek was thrown from the vehicle and died as a result of her injuries.  Gray pled guilty to a single count of aggravated vehicular homicide, and the trial court ordered a presentence investigation.

{¶ 3} During the sentencing hearing, the trial court considered mitigation information and allocution from Gray and heard impact statements from Cheek's family. The trial court then sentenced Gray to eight years in prison. Gray now appeals his sentence, raising the following assignments of error. Because Gray's assignments of error are interrelated, we will address them together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE SENTENCE IS CONTRARY TO LAW WHERE THE TRIAL COURT CONSIDERED THE "SERIOUSNESS OF THE OFFENSE" IN A MANNER NOT IN ACCORDANCE WITH THE SENTENCING STATUTES.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE SENTENCE IS NOT SUPPORTED BY THE RECORD OR IS CONTRARY TO LAW WHERE THE TRIAL COURT IMPROPERLY CONSIDERED ELEMENTS OF THE OFFENSE AS "SERIOUSNESS" FACTORS, AND NO LEGITIMATE FACTORS SUPPORT THE CONCLUSION THAT THE OFFENDER'S CONDUCT WAS MORE SERIOUS THAN CONDUCT NORMALLY CONSTITUTING THE OFFENSE.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE SENTENCE IS NOT SUPPORTED BY THE RECORD OR IS CONTRARY TO LAW WHERE THE TRIAL COURT DID NOT GENUINELY AND PROPERLY CONSIDER RECIDIVISM FACTORS R.C. 2929.12.

{¶ 10} Assignment of Error No. 4:

{¶ 11} THE SENTENCE IS NOT SUPPORTED BY THE RECORD OR IS CONTRARY TO LAW WHERE THE SENTENCE IS NOT CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS AS MANDATED BY R.C. 2929.11(B).

{¶ 12} Gray argues in his four assignments of error that the trial court erred in

sentencing him.

{¶ 13} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 14} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 15} After reviewing the record, we find that Gray's sentence is not contrary to law. Gray was convicted of a second-degree felony, which according to R.C. 2929.14(A)(2), is subject to a sentencing range of two to eight years. The trial court's eight-year sentence was therefore within the statutory range. The trial court also informed Gray of the pertinent postrelease control sanctions.

{¶ 16} Moreover, the trial court properly addressed the purposes and principles of sentencing according to R.C. 2929.11 and 2929.12 at both the sentencing hearing and within the trial court's sentencing entry. We have reviewed the trial court's consideration of the statutory factors and find that the trial court did not err in considering the seriousness and recidivism factors as it did, including the trial court's consideration of the victim's tragic death

and the horrific injuries she suffered. The trial court also properly considered Gray's own actions, including his ingesting a large quantity of fentanyl before driving that day which caused his erratic and perilous driving. As such, and given the trial court's proper consideration of the statutory factors, Gray's sentence was not contrary to law.

{¶ 17} The record also supports the eight-year sentence. The trial court considered the information contained in the presentence investigation report, sentencing memoranda, statements from the victim's family, Gray's allocution, and statements from defense counsel and Gray's supporters in mitigation. Through these sources, the court considered that on the day of the crash, Gray was under the influence of "lethal or toxic" levels of fentanyl and was driving 79 m.p.h., which was 24 miles over the legal speed limit. Gray, after sideswiping another car, crossed the center line and hit the victim's car head-on, causing Cheek to be ejected from the car, suffering severe and fatal injuries.

{¶ 18} The court also considered that Gray showed little remorse for his actions. There was a suggestion at the sentencing hearing that the victim contributed to her own death by possibly not wearing a seatbelt at the time of the crash. Gray also never apologized to the victim's family at any point prior to the sentencing hearing.

{¶ 19} Gray also continued to use drugs after the accident, and the victim's death did not end his drug use. Furthermore, Gray lied to the trial court at a previous proceeding about his drug use, and he tested positive for marijuana and methamphetamine. Gray refused to admit that he was under the influence at the time of the crash. Despite Gray's claims that he took drugs the day before, but not on the day of the crash, evidence indicates an extremely high level of drugs in Gray's system at the time of the crash. During the presentence investigation, Gray would not give information freely to the officer, admitting only to an "accident" that caused a death. Gray, however, maintained that drugs or alcohol did not play any part in the "accident."

{¶ 20} Gray also admitted that he had a history of heavy drug use, had completed a rehabilitation program for opioid addiction just prior to the crash, and further admitted to using fentanyl and heroin before the crash occurred. Gray also admitted that since the time of the crash, he was ticketed on the same road where the crash occurred for passing other vehicles, including a police officer, despite the road having a double yellow line. The trial court indicated its specific consideration of all these relevant facts and circumstances, and its sentence is fully supported by the record.

{¶ 21} We also find no merit in Gray's argument that his sentence was inconsistent with other sentences. R. C. 2929.11(B) provides in relevant part that "a sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." However, "consistency in sentencing, however, does not mean uniformity." *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 49. Instead, consistency in sentencing is achieved when a trial court properly applies the sentencing guidelines. *Id.* "In other words, a defendant claiming inconsistent sentencing must demonstrate that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 25.

{¶ 22} Given our analysis above, the trial court properly applied the statutory requirements for sentencing in that it sentenced Gray within the statutory range for his second-degree felony after considering the purposes and principles of sentencing as well as the seriousness and recidivism factors. As such, Gray's sentence was not inconsistent with other instances of aggravated vehicular manslaughter.

{¶ 23} After reviewing the record, we find that the trial court's sentence was not contrary to law and was otherwise supported by the record. As such, Gray's assignments of error are overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.